**William James ANDERSON,
Petitioner–Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden,
Respondent–Appellee.**

**No. 02–16915.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

William James Anderson, MCSP—Mule Creek State Prison, Ione, CA, pro se.

Arnold O. Overoye, Esq., Attorney General's Office, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

California state prisoner William James Anderson appeals pro se the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Hasan v. Galaza,* 254 F.3d 1150, 1153 (9th Cir.2001), and we affirm.

Anderson contends that his trial counsel's failure to file a notice of appeal tolled the one-year period of limitation under 28

U.S.C. § 2244(d). Even assuming, however, that the period of limitation was either delayed or equitably tolled through the date on which Anderson admitted he was aware that his counsel did not file a notice of appeal, his petition was still untimely. *See Hasan,* 254 F.3d at 1154 n. 3 (explaining that under section 2244(d)(1)(D), the limitation period begins "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"); *Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (stating equitable tolling is available when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time).

Anderson also contends that he is entitled to equitable tolling because he is "actually innocent." This claim fails because Anderson has not presented any new evidence of actual innocence. *See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (to establish actual innocence, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence").

Anderson's remaining contentions are without merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.